IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY WESTPHALEN,<br><br>    Plaintiff,<br><br>vs.<br><br>TCM FINANCIAL SERVICES, LLC,<br><br>    Defendant. | 4:19-CR-3107<br><br>ORDER TO SHOW CAUSE |

  The plaintiff has moved for a default judgment against the remaining defendant, TCM Financial Services, LLC. Filing 26. But a prerequisite to default judgment is proper service of process. *See Norsyn, Inc. v. Desai*, 351 F.3d 825, 829-30 (8th Cir. 2003); *see also Bell v. Pulmosan Safety Equip. Corp.*, 906 F.3d 711, 714-15 (8th Cir. 2018).

  The record here reflects that after several abortive attempts, the plaintiff's operative complaint was served on TCM care of "Registered Agents, Inc.," at a Redding, California address. Filing 22. But the California Secretary of State's website shows no active agent for "TCM Financial Services LLC." https://businesssearch.sos.ca.gov/ (click "LP/LLC Name" radio button, choose "Exact" from dropdown, then search for ""TCM Financial Services LLC."). And the information available there is consistent with the plaintiff's complaint, which alleges that TCM's California registration as an LLC has been suspended. Filing 7 at 2.

  In other words, while the plaintiff's complaint was served on someone, there is nothing to establish that it was served on someone with authority to accept process on TCM's behalf. And the Court lacks jurisdiction to enter a judgment if the defendant was improperly served. *Bell*, 906 F.3d at 714-15.

The Court will, accordingly, order the plaintiff to show cause why its motion for default judgment should not be denied for failure to serve process. The plaintiff, presumably, did not select "Registered Agents, Inc." out of a hat—rather, the Court assumes that the plaintiff had some reasonable basis to believe that TCM could be served there. The plaintiff must share that basis with the Court.

The Court also notes that the plaintiff is already subject to a show cause order: the magistrate judge ordered the plaintiff to show cause on or before July 6, 2020, why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) or for want of prosecution. *See* filing 21. It is self-evident that if the plaintiff cannot show effective service of process, she has not satisfied *either* show cause order. Accordingly, the plaintiff must show cause why her motion for default judgment should not be denied *and* why her complaint should not be dismissed pursuant to Rule 4(m).

> IT IS ORDERED that on or before October 8, 2020, the plaintiff shall show cause why her motion for default judgment should not be denied, and her complaint dismissed, for failure to serve process.

Dated this 24th day of September, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge