IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY WESTPHALEN, | |
| Plaintiff, | 4:19-CV-3107 |
| vs. | MEMORANDUM AND ORDER |
| TCM FINANCIAL SERVICES, LLC, | |
| Defendant. | |

This matter is before the Court on the plaintiff's motion for default judgment against the only remaining defendant, TCM Financial Services, LLC. Filing 26. The plaintiff initially sued TCM on October 28, 2019, filing 1, and timely served process of its operative complaint on TCM's registered agent, filing 22.[1] The Clerk of the Court entered TCM's default on May 1, 2019. Filing 24. The Court will grant the plaintiff's motion for default judgment.

When a default judgment is entered, the facts alleged in the plaintiff's complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id*. It is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53.

TCM is a debt collector. Filing 7 at 2. TCM repeatedly attempted to collect a debt from the plaintiff by threatening litigation when, according to the

---

[1] While the Court questioned the plaintiff's service of process, *see* filing 27, the Court finds the plaintiff's showing in response to be adequate, *see* filing 28.

plaintiff, the statute of limitations on the claim had run. Filing 7 at 3-5. TCM further threatened the plaintiff's credit score when, according to the plaintiff, the debt was not subject to reporting. Filing 7 at 5-7.

That conduct, the plaintiff alleges, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Filing 7 at 8. And that's right. *See Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 683 (7th Cir. 2017); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011); *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 33 (3rd Cir. 2011); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12-CV-1624, 2016 WL 2644763, at \*5 (N.D. Ill. May 9, 2016); *Goind v. JBC & Associates, P.C.*, 352 F. Supp. 2d 262, 272 (D. Conn. 2005); *see also Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). As a consequence, the plaintiff seeks $1,000 in statutory damages, *see* 15 U.S.C. § 1692k(a)(2)(A), and $5,000 in actual damages, *see* filing 26-1 at 2-4. The Court finds, given the record, that an evidentiary hearing is not required to award actual damages in this case. *See* Fed. R. Civ. P. 55(b)(2)(B); *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015). The Court further finds that the plaintiff's requested actual damages are supported by the evidence, and that statutory damages are appropriate given TCM's persistence and plainly intentional noncompliance. *See* § 1692k(b)(1); *Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman*, 408 F.3d 989, 993 (8th Cir. 2005).

The plaintiff also requests an award of attorney's fees and costs. *See* § 1692k(a)(3). The Court finds that the amount of fees and costs requested is fair and reasonable, considering the hours expended on the litigation and counsels' hourly rates (particularly considering the time necessary to even serve process, which is attributable to TCM). *See* filing 26-2; filing 26-3; filing 26-4. *See Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 957-58 (D. Minn. 2011). Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 26) is granted.

2. Judgment will be entered for the plaintiff and against TCM Financial Services, LLC in the amount of $15,497.00.

3. A separate judgment will be entered.

Dated this 19th day of October, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge